**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL T. STILPHEN | ) | Case No. 10-38286-KRH |
| | ) | Chapter 13 |
| Debtor | ) | |

| | | |
|---|---|---|
| MICHAEL T. STILPHEN | ) | |
| MARGARET S. STILPHEN | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | APN: _____ |
| | ) | |
| AMERICA'S SERVICING COMPANY | ) | |
| a/k/a Wells Fargo Bank | ) | |
| and | ) | |
| SAMUEL I. WHITE, P.C., TRUSTEE | ) | |
| | ) | |
| Defendants | ) | |

**COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF LIENS**

COMES NOW, the Plaintiffs, by counsel and respectfully represent unto the Court the following:

1. The jurisdiction of this Court is founded upon 11 U.S.C. § 1322 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The Debtor filed his Chapter 13 petition herein on December 2, 2010.

4. The estate of the Debtor includes an interest in real estate known as at 15406 Hanover Street, Chester, VA, which is owned as tenants by the entirety with Plaintiff Margaret S. Stilphen, more particularly described as:

> ALL that certain lot, piece or parcel of land, with appurtenances thereto pertaining, lying and being in Bermuda Magisterial District, Chesterfield County, Virginia, known, numbered and designated on a Plat of Chesterfield Manor, Plat of which is duly recorded in the Clerk's Office, Circuit Court, Chesterfield County, Virginia, Plat Book 4, Page 254 and Page 255, as Lot 3 in Block G, and to which plat reference is hereby made for a more particular description of the property.

("Property").

5. There is a recorded first deed of trust against the Property by America's Servicing Company a/k/a Wells Fargo Bank, which at the time of the filing of this case had an approximate balance of $185,000.00, and which deed of trust is dated November 15, 2005 and is recorded in the Clerk's Office of the Chesterfield County Circuit Court in Deed Book 6781 at Page 166 ("First Deed of Trust").

6. America's Servicing Company a/k/a Wells Fargo Bank has also recorded a second deed of trust against the Property that secures its promissory note, which at the time of the filing of this case had an approximate balance of $41,523.00, and which deed of trust was recorded in the Clerk's Office of the Chesterfield County Circuit Court ("Second Deed of Trust").

7. Samuel I. White, P.C. Trustee is the named Trustee in the Second Deed of Trust and is a necessary party to this action.

8. Upon information and belief, the value of the Property is less than $185,000.00 or the approximate payoff of the promissory note secured by First Deed of Trust.

9. Based upon the value of the Property and the balance of the note secured by the First Deed of Trust, the Second Deed of Trust on the Property is fully unsecured.

WHEREFORE, the Plaintiffs respectfully requests that the Court enter an Order declaring that America's Servicing Company a/k/a Wells Fargo Bank's note secured by the Second Deed of Trust is fully unsecured, that the Debtor be permitted to treat America's Servicing Company a/k/a Wells Fargo Bank's allowed claim with respect to the Second Deed of Trust as unsecured in his Chapter 13 Plan, that the Second Deed of Trust be released against the Property, and for such other relief as the Court may deem appropriate.

Dated: December 14, 2010

>Respectfully Submitted,
>
>MICHAEL T. STILPHEN
>MARGARET S. STILPHEN
>
>
>By: /s/ James E. Kane
>    James E. Kane (VSB #30081)
>    KANE & PAPA, P.C.
>    1313 East Cary Street
>    Richmond, Virginia 23219
>    Telephone: (804) 225-9500
>    Facsimile: (804) 225-9598
>    Email: jkane@kaneandpapa.com
>
>*Counsel for Plaintiffs*